Vincent A. Lttpia.no, J.
This is a motion by the plaintiffs for a temporary injunction and a cross motion by the defendants to dismiss the first and third causes of action for failure to state a cause of action (Rules Civ. Prac., rule 106, subd. 4) and for a dismissal of the second, and only remaining cause of action because of a failure to satisfy the Statute of Frauds (Rules Civ. Prac., rule 107, subd. 7).
*690 The principal questions to be determined are whether an action for declaratory judgment will lie for the alleged unauthorized cancellation of a management contract and whether injunctive relief should therein be afforded.
The facts are that the individual plaintiff, Herbert Fischbaeh, and the individual defendants, Joseph Blitz and Henry Smith, entered into an oral promotion agreement in which each contributed one third of the money necessary for the construction and management of an office building at 545 Madison Avenue. The corporate defendant was created for this project and, in keeping with section 9 of the Stock Corporation Law, the certifi- ■ cate of incorporation required unanimous corporate action by the voting stockholders and the board of directors. The three promoters, Blitz, Smith and Fischbaeh each received one third of the voting stock and were the three and only directors of the defendant corporation. The defendant Blitz was the contractor for the construction of the building and received a fee for this operation. In January, 1955, the corporate plaintiff, owned by the individual plaintiff, entered into a written real estate management contract with the corporate defendant for a fixed 3% commission. The contract was signed by Fischbaeh as president of the corporate plaintiff and Blitz as president of the corporate defendant. It was to continue until the sale of the building, or for one year, and could be terminated thereafter upon 60 days ’ notice by either party. On October 28, 1957 the defendant Blitz, as president of the defendant corporation, notified the plaintiffs by letter of the termination of the contract.
The plaintiff alleges that the oral agreement provides that the corporate plaintiff was to be the managing agent' of the building at a fixed 3% commission, and further contends that the defendant Blitz acting as president of the defendant corporation was without authority to terminate the contract without the unanimous consent of the stockholders or board of directors.
The defendants contend that the management. contract is improvident; that there was an understanding that none of the original promoters would attempt, in their dealings with the corporation, to meet the competitive rates of the market; that the present rate of commission of 3% is greater than that charged by competitors in the real estate management field; that by his actions, the plaintiff is guilty of self dealing arid is disloyal to the fiduciary obligation owed to the defendant corporation. Defendants further contend that the .management contract is unilateral, rendering the defendant corporation at the mercy of the plaintiff: that the enforcement of sn6h terms *691 should also be denied because the courts are reluctant to generally interfere with the internal affairs of corporations.
The first cause of action seeks a permanent injunction restraining the cancellation of the management contract; the third cause of action seeks a declaration of the rights of the parties upon the dispute. The claim asserted by the plaintiffs for equitable relief is predicated on the confusion that may result if another management agent attempts to collect the rents and, further, that the plaintiff has no way of determining his money damages.
The plaintiff’s asserted reasons for equitable relief appear not to be well founded. For while it might be difficult to ascertain money damages, ascertainment is still nevertheless possible (5 Corbin on Contracts, § 1095, p. 429); nor is the claimed confusion to the tenants available for granting equitable relief to the agent or manager of the building. In any event, the plaintiff does not allege a breach of an employment or service contract. He does, however, approach his problem by asserting lack of authority on the part of the defendants to cancel the contract and discharge him. Now, if the desire to manage the building was in fact a reason why the plaintiff participated in the original promotion, and the office of managing agent herein is a valuable property right, any breach thereof may perhaps be regarded differently than a simple breach of an employment contract, wherein the New York courts, in an action at law, measure the damages with a strict monetary yardstick, giving no relief for the good will and status necessarily suffered by the aggrieved contract holder (Horn v. Atlas Corrugated Case Co., 257 App. Div. 194). Therefore, logically pursued, the claim of lack of authority to cancel coupled with the alleged outstanding value of the office of managing agent may be better explored and evaluated at the trial and the discretionary and equitable basis for entertaining declaratory and injunctive relief as sought here may thereby be shown and justified. In the present posture, no clear position is demonstrated for instant disposition.
Defendants’ contention of breach of fiduciary obligation on the part of the plaintiff does not appear to be a basis for dismissal as a matter of law. The certificate of incorporation (Tenth [d]) apparently provides that such self dealing is permissible. The cases cited by the defendant that the contract is unenforcible appear not to support that contention. I cannot hold, therefore, that the contract is, as a matter of law, unenforcible.
*692 The second cause of action is challenged as a violation of the Statute of Frauds since the oral agreement could not be performed in less than a year. The plaintiff alleges that the oral contract provides that his management would terminate if the building were sold, and if sold, such event could have happened in less than one year. Defendant, on the other hand, offers proof to the contrary, namely, the building could not have been sold in less than one year. Thusly, there remains a factual question which may be affirmatively raised.
Obviously, the motion for a temporary injunction cannot be granted in view of the unresolved questions left for trial determination. In view of the limited number of tenants in the building, including the plaintiff and the defendant, there does not appear to be the likelihood of such confusion as plaintiff claims; nor can the plaintiff assert this difficulty in his non-derivative capacity.
Accordingly, the cross motion to dismiss the first and third causes of action for insufficiency and the second for violation of the Statute of Frauds is denied and the motion for a temporary injunction is denied.
Settle order.